McKinney, J.,
delivered the opinion of the court.
The complainant’s bill alleges, that on the 8th day of March, 1819, her father, "William Smith, conveyed to her, by a deed of gift, two fpmale slaves, named Eliza and Milly; that at, and preceding the date of conveyance, she was a feme covert, wife of one Jonathan Houston; that her husband was intemperate and improvident, and therefore the intention of her father was to secure said two slaves, and their increase,'to her exclusive and separate use. That her covertmre continued until the early part of 1849, when said Jonathan Houston died; and that in his lifetime he squandered and disposed of said slaves, and their increase. It appears that a boy named Charles, the issue of Milly, came to the possession of the defendant in the year 1843, by purchase from one Simmons, to whom Jonathan Houston had conveyed said slave a few days before, by bill of sale. To recover this slave from the defendant, is the object of the present bill. The deed gives the slaves Eliza and Milly, to the complainant, “ to have and to hold the above named Milly and Eliza unto the said Joanna Houston, her heirs or assigns; to the only proper use and behoof of her, the said Joanna Houston, her heirs or a'ssigns forever.” And the question is, are these words sufficient to give the complainant a separate estate in said slaves ?
The cases upon this subject involve some very nice distinctions ; and in some instances, to say the least, would be extremely difficult to reconcile. It is well established, however, that although technical words are not necessary, yet it is indispensable that the intention to create a separate use or estate shall be - clearly manifested; other *490 wise, the marital rights of the husband will not be affected.
After an examination of all the authorities to which we have had access, we are of opinion that the words : “to the only proper use and behoof of her, the said Joanna Houston, her heirs or assigns forever,” are wholly insufficient to create a trust for the separate use of the complainant.
This is a set form of words taken from the complicated and redundant precedents of conveyancing formerly in use, which has long been regarded, even in England, as wholly useless; and in this country, under our simple forms of conveyance, as a mere unmeaning, useless form. The words are inappropriate to the. purpose of creating a trust for the separate usé of a married woman; and from their use, therefore, no inference of such an intention can be deduced. Words in themselves much more apt and significant, have been held insufficient to give a separate estate. A gift or bequest to a married woman “ for her own use and benefit,” or “ to pay the same into her own proper hands, to and for her own use and benefit; ” or, to pay annually “into her proper hands, for her own proper use and benefit,” have been held not to amount to a sufficient expression of an intention to exclude the marital rights of the husband. See 2 Story’s Eq. Jur., § 1383, and cases referred to.
The tendency of modern decisions seems to be, that more unequivocal evidence of the intention to create a separate use for a married woman ought to be required, than was formerly considered sufficient. Hill on Trustees, 420. 2 R. & M., 180. But the case before us does not require that we should make any intimation of *491 our own views, as respects the tone of the modern cases upon this subject.
The chancellor having decreed for the complainant, the decree will be reversed, and the bill be dismissed, but without costs.